IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,616-05






EX PARTE TRENTON LE TROY JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 981891-B IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The conviction was affirmed on direct appeal. Jackson v. State, No.
14-04-00377-CR (Tex. App.--Houston [14th Dist.] Oct. 6, 2005).

 Applicant was convicted of intentionally causing a head injury to his daughter that caused
her death. He claims that he is actually innocent, and he also contends that his trial counsel rendered
ineffective assistance when he failed to retain a medical expert to testify at trial. With his writ
application, Applicant attaches statements from two physicians who indicate that they have reviewed
the medical record and the trial testimony. One physician opines that the medical evidence shows
that the event that caused the head injury that led to the victim's death could have occurred weeks
before the victim was hospitalized and not within hours of hospitalization as a hospital physician
testified at trial. The other physician opines that the victim suffered an intervening event that lead
to her death, perhaps a vertebral artery distribution stroke, while in the hospital. There are no
findings from the trial court regarding the claims of ineffective assistance and actual innocence, and
there are no findings regarding the veracity of the physicians' medical opinions.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall resolve the disputed factual issues of whether trial counsel should have retained a medical
expert and whether Applicant is actually innocent. In doing so, the trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to: whether the
performance of Applicant's trial counsel was deficient for not retaining a medical expert and, if so,
whether counsel's deficient performance prejudiced Applicant; whether Applicant has shown he is
actually innocent of the offense; and whether these claims are barred by Article 11.07, Section 4, of
the Code of Criminal Procedure or meet an exception that allows for their consideration. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 23, 2013

Do not publish